# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA,
# SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN B. MURPHY** )<br>  )<br>   **Plaintiff,** )<br>  )<br> **v.** )<br>  )<br>  )<br> **THE LINCOLN NATIONAL** )<br> **LIFE INSURANCE COMPANY** )<br>  )<br>   **Defendant.** ) | **CASE NUMBER: _____** |

## COMPLAINT

Comes now the Plaintiff, Steven B. Murphy, and hereby files his Complaint against The Lincoln National Life Insurance Company.

## PARTIES

1.  The Plaintiff, Steven B. Murphy ("Mr. Murphy"), is an insured under Group Long Term Disability Plan for employees of Duke Energy Corporation, identified as Group Insurance Policy GF3-850-282203-01 ("the Plan"), who has been improperly denied disability benefits under the Plan.

2.  Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is the Administrator of the Plan. Upon information and belief, Lincoln is a foreign corporation incorporated in the State of Massachusetts, which conducts business generally in the State of Alabama and specifically within this District.

1

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff asserts claims for long term disability ("LTD") benefits, enforcement of ERISA rights and statutory violations of ERISA under 29 U.S.C. § 1132, specifically, Mr. Murphy brings this action to recover benefits due to him pursuant to 29 U.S.C. §1132(a)(1)(B) and to enforce his rights under the Plan pursuant to 29 U.S.C. §1132(a)(3). This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §§ 1132(a), (e)(1) and (f) and 28 U.S.C. § 1131. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## INTRODUCTION

4. The Plaintiff in this case was subjected to improper claim handling procedures by Lincoln as it exploited the shortcomings of ERISA as it relates to claims for "welfare" benefits to avoid paying Mr. Murphy's valid claim for disability benefits. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Mr. Murphy, as an employee insured for disability, was supposed to be treated as a beneficiary by Lincoln as a statutory fiduciary. Instead, Lincoln has breached those duties and victimized Mr. Murphy by

engaging in improper claim handling procedures. As described in more detail below, Lincoln has clearly engaged in bad faith claim handling and Mr. Murphy, at minimum, is entitled to *de novo* review and all relief that ERISA provides.

## STATEMENT OF FACTS

5. Mr. Murphy is an insured for benefits under the Plan. Lincoln is the administrator of the Plan. The Plan provides insureds, like Mr. Murphy, LTD benefits and was in full force and effect at all times relevant to this Complaint.

6. At all relevant times, Mr. Murphy was employed by Duke Energy Corporation and was a covered participant in the Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the Plan.

7. Mr. Murphy, a man fifty (50) years of age, worked at Duke Energy Corporation until his disabilities forced him to stop working on or about March 14, 2018.

8. Mr. Murphy was employed by Duke Energy Corporation as a Nuclear Security Officer. This occupation entailed searching personnel, packages, materials, and vehicles and conducting indoor and outdoor foot patrols. To perform his job duties, Mr. Murphy needed to be able to walk on uneven surfaces; ascend and descend steps and ladders; operate motor vehicles; squat, kneel, and bend; respond quickly to alarms; qualify with a rifle in both daylight and low visibility; and run 100 yards without stopping.

9. Mr. Murphy's medical disabilities include a history of myocardial infarction, coronary artery disease, palpitations, atypical chest pain, dizziness, near-syncope, paresthesia, chronic pain, posttraumatic stress disorder, and major depressive disorder. The symptoms of his impairments and the side effects of the medication and treatment prescribed render Mr. Murphy unable to perform any job.

10. Mr. Murphy was approved for and began receiving benefits from Lincoln on September 15, 2018.

11. Mr. Murphy's benefits were approved and paid from September 15, 2018 until September 15, 2020 because Lincoln determined that he was unable to perform the material and substantial duties of his own occupation.

12. At all relevant times, and prior to the termination of Mr. Murphy's benefits, he was under the consistent care of Dr. Ying Vang ("Dr. Vang").

13. In a statement dated April 10, 2019, Dr. Vang noted Mr. Murphy's history of coronary artery disease, premature ventricular contractions, and palpitations with nausea, as well as the multiple unsuccessful medication trials attempted to control Mr. Murphy's symptoms.

14. Dr. Vang noted in his April 10, 2019 statement that "at this time, I do not believe that Mr. Murphy is ready to return to work yet as he continues to have intermittent symptoms which would affect his performance."

15. An April 1, 2020 Attending Physician Statement asked Dr. Vang to

describe Mr. Murphy's restrictions and limitations, to which Dr. Vang replied "No work."

16. By letter dated September 16, 2020, Lincoln wrongfully terminated Mr. Murphy's LTD benefits beyond September 14, 2020.

17. The Plan at issue, as governed by ERISA and relied upon to deny Mr. Murphy's LTD disability benefits states, in part:

"Disability" or "Disabled," with respect to Long Term Disability, means:

1. For persons other than pilot, co-pilots, and crewmembers of an aircraft:

   i. if the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the new 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

   ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

18. Using this test of disability, Lincoln found Mr. Murphy disabled and approved his LTD benefits for twenty-four (24) months, as Mr. Murphy's history of myocardial infarction, coronary artery disease, palpitations, atypical chest pain, and chronic pain prevented him from performing the material and substantial duties of his own occupation.

19. Lincoln's September 16, 2020 denial letter noted that Lincoln was unable to approve Mr. Murphy's claim due to a lack of updated medical records.

20. On March 15, 2021, Mr. Murphy appealed the termination of benefits by and through counsel. Included with this appeal were updated medical records as well as personal declarations.

21. In support of Mr. Murphy's appeal, his wife, Angela Manning Murphy, provided a declaration pursuant to pursuant to 28 U.S.C. § 1746, through which she outlined the effects of Mr. Murphy's disabling condition on his activities of daily living and his ability to return to work. Under penalty of perjury, Ms. Murphy noted that Mr. Murphy's history of heart attack and his residual effects and illnesses made "the most basic of tasks as difficult and oftentimes impossible."

22. By and through counsel, Mr. Murphy provided additional medical records to Lincoln on April 27, 2021.

23. In a letter dated April 21, 2021, Dr. Vang noted Mr. Murphy's history of coronary artery disease, premature ventricular contractions, and progressive nausea, palpitations, and dizziness, as well as progressive back pain. Dr. Vang opined that "[a]t this time, I do not believe that Mr. Murphy is ready to return to work yet as he continues to have intermittent symptoms which would affect his performance."

24. Despite providing proof of his disability both before the termination of

benefits and throughout the appeals process, Lincoln upheld its termination of benefits in a letter dated July 21, 2021.

25. On August 23, 2021, Mr. Murphy was approved for Social Security Disability benefits.

26. The Social Security Administration determined that Mr. Murphy was totally disabled as of March 24, 2018.

27. Mr. Murphy, by and through counsel, appealed the termination of benefits in a letter dated January 18, 2022. Included with this appeal were updated medical records and Mr. Murphy's Social Security file.

28. Mr. Murphy provided with this appeal documentation of a 100% VA Disability rating.

29. Updated medical records included an April 22, 2021 office note in which Mr. Murphy was prescribed a cane due to chronic dizziness, as well as a June 8, 2021 note in which a bariatric cane, rollator, and shower chair were issued due to chronic back pain, dizziness, and unsteadiness.

30. Lincoln referred Mr. Murphy's claim to a consulting physician, Dr. Wendell Goins ("Dr. Goins"), whose March 17, 2022 review concluded that Mr. Murphy did not have any impairing diagnoses from September 11, 2020 forward.

31. Dr. Goins' report did not examine or account for Mr. Murphy's approval for Social Security Disability benefits, nor did it make note of Dr. Vang's

7

April 21, 2021 letter which noted debilitating symptoms and an inability to work.

32. Dr. Goins cited an August 24, 2020 psychological consultative examination, which he wrote documented "some" impairment in understanding and retaining information, with otherwise normal findings.

33. The psychological examination held on August 24, 2020 in reality documented moderate to severe impairments in several areas including information retention, attention, interactions with others, and tolerating typical work stressors. Further observations noted during this visit included a slow gait, slowness in rising from a sitting position, and the need to shift positions periodically.

34. Despite providing proof of his disability both before the termination of benefits and throughout the appeals process, including disability determinations from the Veterans Administration and the Social Security Administration as well as support from his treating physician, Lincoln nevertheless relied upon the opinion of its consulting physician and issued its final denial by letter dated April 19, 2022.

35. As of this date, Mr. Murphy has been denied benefits rightfully owed to him under the Plan.

36. Mr. Murphy has met and continues to meet the Plan's definition of disabled.

37. Mr. Murphy has exhausted any applicable administrative review procedures and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

38. Lincoln's refusal to pay benefits has caused tremendous financial hardship on Mr. Murphy.

## STANDARD OF REVIEW

39. A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

40. When discretionary authority is clearly granted and the insurer of an ERISA plan also acts as a claims administrator, there is a structural or inherent conflict of interest that mandates a heightened arbitrary and capricious standard of review.

41. Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to Lincoln or to any other entity who may have adjudicated Mr. Murphy's claim. Therefore, the Court should review Mr. Murphy's claim for benefits under a *de novo* standard.

42. Upon information and belief, Lincoln evaluated and paid all claims under the LTD Plan at issue, creating an inherent conflict of interest.

43. Lincoln has failed to comply with the letter of the claims procedures outlined in ERISA and therefore Mr. Murphy's claim for benefits should be reviewed by this Court under a *de novo* standard.

44. In the alternative, if the Court finds that Lincoln is entitled to the heightened arbitrary and capricious standard of review, the termination of Plaintiff's benefits constitutes a clear abuse of discretion as Lincoln's decision to deny Mr. Murphy's LTD benefits was arbitrary and capricious.

## **DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT**

45. Lincoln has wrongfully denied LTD benefits to Mr. Murphy, in violation of the policy provisions and ERISA, for the following reasons:

   (a) Mr. Murphy is totally disabled, in that he is prevented from performing the material and substantial duties of any occupation;

   (b) Mr. Murphy is entitled to disability benefits under the terms of the Plan, as he meets the Plan's definition of disability and he has otherwise met the conditions precedent of the Plan for coverage and entitlement to benefits;

   (c) Lincoln failed to accord proper weight to the evidence in the administrative record showing that Mr. Murphy is totally disabled;;

   (d) Lincoln's interpretation of the definition of disability contained in the Plan is contrary to plain language of the Plan, unreasonable, arbitrary, capricious, and otherwise violated the standards required by ERISA;

   (e) Lincoln wrongfully denied Mr. Murphy a full, fair and impartial

review of his benefits claim pursuant to 29 C.F.R § 2560.503-1(h)(1), by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support its goal of denying his benefits claim;

(f) Lincoln failed to give proper weight to Mr. Murphy's own accounts regarding the debilitating effects of his medical conditions;

(g) Lincoln ignored the records and opinions of Mr. Murphy's treating physicians which show that Mr. Murphy is totally disabled, and instead based its decision to deny benefits on its internal review by Lincoln staff members and its paid reviewers, who had never seen or treated Mr. Lincoln, some of which never spoke with his treating physicians about the nature of his disability, and who were not as qualified as Mr. Murphy's treating physicians to formulate opinions regarding the nature and extent of his disability;

(h) Lincoln failed to exercise reasonable flexibility in its claims review process to assure Mr. Murphy a full, fair review, well-reasoned, and principled of his claim;

(i) Lincoln administered Mr. Murphy's claim for LTD benefits while acting under an inherent and substantial conflict of interest in that

Lincoln served both as fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Mr. Murphy's interests in wrongfully denying his LTD benefits and failing to administer the Plan as an impartial decision-maker, free of such conflict of interest, would;

(j) Lincoln made erroneous interpretations of some evidence in violation of its obligation to discharge its duties with care, prudence, skill, and diligence;

(k) Lincoln acted in bad faith by denying Mr. Murphy's claim based upon the inability of Lincoln's paid reviewers to find Mr. Murphy disabled, and otherwise failed to administer the Plan honestly, fairly and in good faith, and to at all times act in Mr. Murphy's best interests;

(l) Lincoln failed to support the termination of benefits with substantial evidence;

(m) Lincoln imposed a standard not required by the Plan's provisions, by requiring objective evidence of Mr. Murphy's subjective medical conditions where such evidence cannot be reasonably provided;

(n) Lincoln denied Mr. Murphy's claim for a lack of objective medical

evidence when Mr. Murphy has provided ample subjective evidence of a disability and Lincoln has neither identified any objective evidence that Mr. Murphy could have supplied to support the claim;

(o) Lincoln failed to consider Mr. Murphy's non-exertional limitations caused by his disability, such as the side effects of his prescribed medication, his ability to regularly attend work, and the effect his disability has on his concentration, persistence and pace when performing the material duties of his occupation;

(p) Lincoln's termination of Mr. Murphy's LTD benefits failed to provide a detailed explanation and the basis of its disagreement with the opinions of Mr. Murphy's treating physicians;

(q) Lincoln's termination of Mr. Murphy's LTD benefits failed to provide a detailed explanation and the basis of its disagreement with the disability determination by the Social Security Administration;

(r) Lincoln wrongfully denied Mr. Murphy's LTD benefits in such other ways to be shown through discovery and/or hearing.

46. As a result of the foregoing, the relief to which Mr. Murphy is entitled includes: (1) monthly LTD income benefits to Mr. Murphy, (2) payment of back benefits from September 15, 2020 to the date of judgment, (3) pre=judgment interest, (4) equitable relief, including declaratory and injunctive relief, to redress Lincoln's

practices that are violative of the Plan and ERISA, and to enforce the terms of the Plan and ERISA, and (50 an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## CAUSES OF ACTION

### COUNT ONE
### ERISA (Claim for Benefits Owed Under Plan)

47. Plaintiff hereby incorporates by reference each and every fact as if it was restated herein.

48. At all times relevant to this action, Mr. Murphy was a participant of the Plan underwritten by Lincoln and issued to Duke Energy Corporation, and was eligible to receive disability benefits under the Plan.

49. As more fully described above, the termination and refusal to pay Mr. Murphy's benefits under the Plan for the period from at least on or about September 15, 2020 through the present constitutes a breach of Defendant's obligations under the Plan and ERISA. The decision to deny benefits to Mr. Murphy constitutes an abuse of discretion as the decision was not reasonable and was not based on substantial evidence.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1. A judgment ordering the applicable standard of review in this case is *de novo*;

2. A judgment ordering that by a preponderance of the evidence, the Defendant has breached its fiduciary duty to the Plaintiff by wrongfully denying his LTD benefits owed to him through the Plan;

3. In the alternative, if the Court determines that the applicable standard of review is the heightened arbitrary and capricious standard, the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate arbitrary and capricious review and enter a judgment that Defendant's decision to wrongfully deny Plaintiff's LTD benefits was unreasonable, arbitrary and capricious, and unsupported by substantial evidence;

4. Declaratory and injunctive relief, finding that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by terminating Mr. Murphy's LTD benefits; that Mr. Murphy is entitled to a continuation of future LTD benefits from Defendant pursuant to the Plan;

5. Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiff; enjoining Defendant from further violations of its fiduciary duties; and directing Defendant to take all actions necessary to administer the Plan in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

6. A judgment ordering Defendant to pay Mr. Murphy's LTD benefits from September 15, 2020 through the date judgment is entered herein, together with

pre-judgment interest on each and every such monthly payment through the date of judgment;

7. An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

8. For such other and further relief as the Court deems just, fit and proper.

Respectfully submitted this the 15th day of November, 2022.

/s/ Peter H. Burke_____
Peter H. Burke (ASB-1992-K74P)
pburke@burkeharvey.com
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-747-1901
Fax: 877-718-9952
*Attorney for Plaintiff Steven B. Murphy*

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

The Lincoln National Life Insurance Company
c/o Legal Department
175 Berkeley Street
Boston, MA 02116