FILED
2022 Dec-23 PM 12:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **STEVEN B. MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:22-cv-01450-GMB** |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers the Complaint filed by Plaintiff Steven B. Murphy ("Plaintiff") and states as follows:

## FOR A FIRST DEFENSE

## PARTIES

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Lincoln admits that it issued Group Disability Income Policy No. GF3-850-288203-01 (the "Policy") to Duke Energy Corporation ("Duke"), which Policy, at certain times, insured benefits from the Duke Energy Corporation Long Term Disability Plan (the "LTD Plan"). Lincoln further admits that, at certain times, Plaintiff was a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Lincoln admits that it is a lawfully incorporated company that lawfully conducts insurance business in the State of Alabama. Lincoln further admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies it was the LTD Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Regarding the allegations of Paragraph 3 of the Complaint, Lincoln admits that the Complaint purports to seek relief under the statutory provisions cited therein. Lincoln further admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Lincoln further admits that the Court has subject matter jurisdiction over Plaintiff's claims in this action and venue is proper in this District. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## INTRODUCTION

4. Regarding the allegations contained in Paragraph 4 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln admits only that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## STATEMENT OF FACTS

5. Regarding the allegations contained in Paragraph 5 of the Complaint, Lincoln admits that it issued the Policy to Duke, which Policy, at certain times, insured benefits under the LTD Plan. Lincoln further admits that, at certain times, Plaintiff was employed by Duke and a participant in the LTD Plan. Lincoln further admits Duke is the sponsor of the LTD Plan. To the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the LTD Plan, Lincoln refers to the Policy and the documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Regarding the allegations of Paragraph 6 of the Complaint, Lincoln admits that, at certain times, Plaintiff was employed by Duke and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations of Paragraph 7 of the Complaint, Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln further admits Plaintiff was, at certain times, employed by Duke and his last day of work for Duke was on or about March 14, 2018. Lincoln further admits the Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits Plaintiff was, at certain times, employed as a Nuclear Security Officer III for Duke. Lincoln admits documents relating to Plaintiff's job description and own occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations of Paragraph 9 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations of Paragraph 10 of the Complaint, Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations of Paragraph 11 of the Complaint, Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits that it sent a letter dated September 16, 2020, to

Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations of Paragraph 12 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations of Paragraph 14 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations of Paragraph 15 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations of Paragraph 16 of the Complaint, Lincoln admits that it sent a letter dated September 16, 2020, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations of Paragraph 17 of the Complaint, Lincoln admits the Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln further admits that documents containing medical

complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations of Paragraph 19 of the Complaint, Lincoln admits that it sent a letter dated September 16, 2020, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations of Paragraph 20 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated March 15, 2021, along with additional documentation, appealing the denial of further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations of Paragraph 21 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated March 15, 2021, along with additional documentation, appealing the denial of further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations of Paragraph 22 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated March 15, 2021, along with additional documentation, appealing the denial of further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations of Paragraph 23 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Regarding the allegations of Paragraph 24 of the Complaint, Lincoln admits that it sent a letter dated July 21, 2021, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Regarding the allegations contained in Paragraph 25 of the Complaint, Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the

best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Regarding the allegations contained in Paragraph 26 of the Complaint, Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations of Paragraph 27 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated January 18, 2022, along with additional documentation, appealing the denial of further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated January 18, 2022, along with additional documentation, appealing the denial of further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Regarding the allegations of Paragraph 29 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Regarding the allegations of Paragraph 30 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Regarding the allegations of Paragraph 31 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Regarding the allegations of Paragraph 32 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon

which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations of Paragraph 33 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Regarding the allegations of Paragraph 34 of the Complaint, Lincoln admits that it sent a letter dated April 19, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Regarding the allegations contained in Paragraph 35 of the Complaint, Lincoln denies these allegations.

36. Regarding the allegations contained in Paragraph 36 of the Complaint, Lincoln admits only that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Regarding the allegations of Paragraph 37 of the Complaint, Lincoln admits only that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Regarding the allegations contained in Paragraph 38 of the Complaint, Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Regarding the allegations contained in Paragraph 39 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Regarding the allegations contained in Paragraph 40 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Regarding the allegations contained in Paragraph 41 of the Complaint, Lincoln denies these allegations.

42. Regarding the allegations contained in Paragraph 42 of the Complaint, Lincoln admits only that it was, at certain times, the claims administrator and insurer for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Regarding the allegations contained in Paragraph 43 of the Complaint, Lincoln denies these allegations.

44. Regarding the allegations contained in Paragraph 44 of the Complaint, Lincoln denies these allegations.

45. Regarding the allegations of Paragraph 45 of the Complaint, Lincoln denies all allegations contained in Paragraphs 45 and 45 a-r of the Complaint.

46. Regarding the allegations of Paragraph 46 of the Complaint, no response is required, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

**COUNT ONE**
**ERISA (Claim for Benefits Owed Under Plan)**

47. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 46 of the Complaint as though fully set forth in response to Paragraph 47 of the Complaint.

48. Regarding the allegations of Paragraph 48 of the Complaint, Lincoln admits that Plaintiff was, at certain times, a participant in the LTD Plan and, at certain times, received benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Regarding the allegations contained in Paragraph 49 of the Complaint, Lincoln denies these allegations. Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

50. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to LTD benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**FOR A THIRD DEFENSE**

51. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A FOURTH DEFENSE**

52. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

53. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the documents governing the long-term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits

Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

54. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SEVENTH DEFENSE**

55. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

56. Plaintiff's claim against Lincoln is barred because Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR A NINTH DEFENSE**

57. Lincoln reserves the right to assert additional defenses.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

s/ *Matthew W. Robinett*

**MATTHEW W. ROBINETT**
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

AND

**IWANA RADEMAEKERS**
(*Pro Hac Vice Motion Pending*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of December 2022, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Peter H. Burke (ASB-1992-K74P)
Email: pburke@burkeharvey.com

*/s/ Matthew W. Robinett*
Matthew W. Robinett