FILED
2023 Jan-20 PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **STEVEN B. MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:22-cv-01450-RDP** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PLANNING MEETING REPORT**

Pursuant to the Court's Order dated December 30, 2022 (Doc 9), Plaintiff Steven B. Murphy and Defendant The Lincoln National Life Insurance Company submit the following joint report:

1. The following persons participated in a Rule 26(f) conference on January 20, 2023, by telephone:

Peter Burke, representing the Plaintiff, Steven B. Murphy ("Plaintiff")

Iwana Rademaekers, representing the Defendant, The Lincoln National Life Insurance Company ("Defendant").

2. **Initial Disclosures**.

Plaintiff's Statement: Plaintiff agrees that Initial Disclosures do not apply.

Defendant's Statement: This action is governed by ERISA and is, therefore, exempt from the initial disclosure requirement pursuant to the plain language of

Rule 26(a)(1)(B) because this is an action on an administrative record. Defendant has already produced to Plaintiff a copy of the ERISA administrative record. The parties will jointly file the administrative record on or before **March 16, 2023**.

3. **Discovery Plan. The parties propose this discovery plan**:

Plaintiff's Statement: Plaintiff is entitled to conflict of interest discovery according to Eleventh Circuit precedent. To the extent there may be gaps in the Administrative Record, Plaintiff will request leave of the Court to propound relevant, targeted discovery to fill in those gaps. Plaintiff will work with opposing counsel to come to an agreement on any relevant discovery.

Defendant's Statement: Discovery should be limited to the administrative record, subject to Eleventh Circuit precedent with respect to conflict-related discovery. The parties will work in good faith to resolve any disagreements that may arise pertaining to the limited scope of discovery in ERISA actions.

a. In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, Plaintiff may seek discovery on the following subjects:

(i.) All factual allegations and claims made by Plaintiff in her Complaint;

(ii.) All damages claimed by Plaintiff in this matter;

(iii.) All defenses raised by Defendant in this matter; and

(iv.) Conflict of interest and bias issues.

b. All discovery commenced in time to be completed by **August 1, 2023**.

c. Maximum of 25 interrogatories by each party to any other party without prior approval of the Court. Maximum of 25 requests for production by each party to any other party without prior approval of the Court. Maximum 25 requests for admission by each party to any other party without prior approval of the Court. (Responses due 30 days after service).

d. Maximum of 2 depositions by Plaintiff and 2 by Defendant without prior approval of the Court.

e. Each deposition shall be limited to 8 hours.

f. Reports from retained experts under Rule 26(a)(2) due:

(i.) from **Plaintiff** by **May 22, 2023.**

(ii.) from **Defendant** by **June 5, 2023.**

g. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

4. **Other items.**

a. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b. The parties should be allowed until **February 10, 2023** to join additional parties and to amend the pleadings and until **February 24, 2023** to respond to any above-mentioned amendments.

c. All potentially dispositive motions should be filed by **September 4, 2023.**

d. The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties fully review the administrative record.

e. If the case is not to be resolved on dispositive motions, the Parties request a final pretrial conference on or after **December 15, 2023.**

f. If a trial is needed, the case should be ready for a non-jury trial by **January 2024** and at this time is expected to take approximately **1 day**.

Respectfully Submitted,

*/s/* Peter H. Burke

Peter H. Burke, Esq.
ASB-1992-K74P
**CR LEGAL TEAM, LLP**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama 35243
Phone: 205-930-1901
Fax: 877-412-1672
Email: phburke@crlegalteam.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*


**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com


ATTORNEYS FOR DEFENDANT